**Andranik SHAHMURADYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77441.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## MEMORANDUM **

Andranik Shahmuradyan, a citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ as the final agency determination. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir.2005).

We review an adverse credibility finding under the substantial evidence standard and may reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility finding. Shahmuradyan's testimony was internally inconsistent and conflicted with his sworn statement or other documentary evidence with regard to the events that led to his alleged persecution, the treatment of his family, details of his detention and mistreatment, and when he applied for a passport.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

These inconsistencies go to the heart of his claim and support the IJ's adverse credibility finding. *See Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990). The IJ properly considered and rejected Shahmuradyan's explanations for the inconsistencies. *See Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004).

In the absence of credible testimony, Shahmuradyan did not establish eligibility for asylum, withholding of removal or CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.